OPINION
Appellant, Terrance Donald, appeals from the judgment issued by the Lake County Court of Common Pleas, convicting him of grand theft of a motor vehicle.
On February 25, 1999, appellant stole a motor vehicle approximately twenty-five minutes after his release from the Lake County Jail. On June 8, 1999, appellant was charged by information with one count of grand theft of a motor vehicle, a felony of the fourth degree, in violation of R.C. 2913.02. On June 23, 1999, appellant waived indictment and pleaded guilty to the charge. On July 26, 1999, the trial court sentenced appellant to serve the maximum term of imprisonment for a fourth degree felony, an eighteen-month term of incarceration, with seventy-five days credit for time served. From this judgment of conviction, appellant assigns the following error:
 "The trial court abused its discretion by sentencing the defendant-appellant to the maximum term of imprisonment for a felony of the fourth degree."
In his sole assignment of error, appellant contends that the trial court abused its discretion by imposing the maximum sentence because it only considered the factors set forth in R.C. 2929.12[1] relating to recidivism without considering the factors relating to the seriousness of his conduct. Appellant asserts that the maximum sentence was unwarranted because the offense he committed was "statutorily less serious than normal."
The relative seriousness of appellant's offense is irrelevant to a determination of whether the trial court abused its discretion by imposing the maximum sentence upon appellant. In State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, the Supreme Court of Ohio recently addressed the statutory requirements for imposing a maximum sentence. The court determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. R.C.2929.14(C) provides:
 "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * , and upon certain repeat offenders * * * . "
Pursuant to Edmonson, a trial court may sentence an offender to the maximum term of imprisonment as long as he fits within one of the categories set forth in R.C.2929.14(C). The trial court must indicate, by use of specific operative facts, its reasons for imposing the maximum sentence; those reasons must appear somewhere in the record, either in the judgment entry or in the transcript of the sentencing hearing. State v. Chapman
(Mar. 17, 2000), Portage App. No. 98-P-0075, unreported.
In the instant case, the trial court in its judgment entry specifically found that "the Defendant poses the greatest likelihood of committing future crimes." At the sentencing hearing, the trial court explained its reasons for that finding. It stated:
 "I am going to take into consideration the facts and circumstances surrounding this case, the fact that you are facing 37 months in the federal penitentiary [for drug charges]; the fact that you served a year in the Department of Youth Services, approximately, and great measures were extended and were given * * * . In light of the fact that you could not conform to the rules of the Department of Youth Services, I am going to take into consideration that it takes you but a half an hour between the time you're released from the Lake County Jail and you decide to embark upon the commission of another felony; I am going to take into consideration the past record, that even though you are relatively young, you have already secured that, * * * for receiving, robbery, and two different drug charges * * * .
* * *
 "The fact of the matter is based upon your record, your background, your attitude, your lack of remorse, I am purposely giving you the maximum sentence under the fourth degree felony. You have not taken advantage of programs that have been available to you, and so as a result, we will keep you away from other people that choose to follow the laws of the state."
 This court may "increase, reduce, or otherwise modify * * * or may vacate the sentence and remand the matter to the trial court for resentencing if [we] * * * clearly and convincingly find * * * [t]hat the record does not support the sentence * * * [or] [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(1)(a) and (d). Evidence presented at appellant's sentencing hearing regarding appellant's repeated criminal offenses, drug problems, and lack of rehabilitation supports the trial court's finding that appellant poses the greatest likelihood of committing future offenses. We cannot find, by clear and convincing evidence, that the maximum sentence was not supported by the record or that the sentence was contrary to law. Appellant's sole assignment of error has no merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.
 _____________________________ JUDGE ROBERT A. NADER
FORD, P.J., CHRISTLEY, J., concur.
[1] R.C. 2929.12 governs the seriousness and recidivism factors that a trial court must consider in determining an offender's sentence and provides in part:
 "(A) * * * [A] court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 The offender held a public office or position of trust in the community, and the offense related to that office or position.
 The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 The offender's professional or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 The offender's relationship with the victim facilitated the offense.
 The offender committed the offense for hire or as a part of an organized criminal activity.
 In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 The victim induced or facilitated the offense.
 In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.